STATE OF MONTANA,
 Plaintiff, No. DC-99-86
vs. Decision
TAMRA M. WRIGHT,
 Defendant.

On March 22, 2000, the defendant was sentenced to ten (10) years in the Montana Women's Prison.

On September 22, 2000, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Dustin Gahagan. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

It is the unanimous decision of the Sentence Review Division that the sentence shall be amended to a ten (10) year commitment to the Department of Corrections, with five (5) years suspended.

Defendant is subject to the following conditions with respect to parole or probation:

1) That the defendant shall be under the supervision of the Department of Corrections of the State of Montana and shall obey all rules of probation;

2) That the defendant shall pay a supervision fee which ranges between $120 and $360 a year, depending on how that is set by the Department;

3) That the defendant pay the restitution as ordered in her sentencing order, and she must do so in monthly payments that will allow her to complete the payment of restitution at least six (6) months prior to the expiration of this sentence;

4) That the defendant shall pay the restitution supervision fee in the amount of $250;

5) That the defendant shall pay the statutory surcharge fee in the amount of $20;

6) That the defendant shall pay the Court Information Technology Fund fee in the amount of $5.00;

7) That the defendant shall pay the Victim/Witness surcharge fee in the amount of $10;

8) The defendant shall receive a total credit of 35 days for time served in detention prior to sentencing;

9) That defendant shall pay the costs of confinement in the amount of $1,925, payable to the Clerk of the District Court of Ravalli County [currently $55/day];

10) The defendant shall not purchase, possess or consume any intoxicating beverages or enter any establishment where alcoholic beverages are the primary source of sales;

11) The defendant shall not own, possess, or control any firearms, ammunition, deadly weapons, explosives, or destructive devices

including but not limited to black powder weapons, black powder, or pyrodex;

12) The defendant shall not use or possess any dangerous drugs;

13) The defendant shall submit to random blood, breath and/or urine screening tests for the presence of alcohol and/or drugs at the request of the Probation Officer without a Search Warrant;

14) The defendant shall submit to a search of her person, residence and/or vehicle at the request of the Probation Officer without a Search Warrant;

15) The defendant shall perform 100 hours of community service at a rate of at least $5.00 per month, and pay any workers' compensation or administrative fees associated with that service;

16) The Sentence Review Board recommends that the defendant be placed in a community setting that will allow the defendant to obtain employment and begin paying restitution to her many victims;

17) That during the term of this sentence, when the defendant is in the community, she shall be employed full-time, performing community service, furthering her education, or any combination of those on a full-time basis;

18) That the defendant shall obtain Financial Management Counseling as directed by the Probation Officer, which may be obtained through a county extension service;

19) The defendant shall not open or maintain a checking account or have any credit cards while on probation or while serving this sentence;

20) The defendant shall not gamble or frequent establishments which provide gambling;

21) That at least 1/4 of the defendant's earnings shall be paid toward restitution or other court assessed costs.

Ms. Wright has a very limited criminal history, and while this particular offense was very egregious in that she deposited $20 into an account and then wrote almost $13,000 worth of bad checks, the sentence as imposed appears to be clearly excessive. The Board does agree that the egregious nature of the crime does require a period of incarceration somewhere, but not necessarily at the prison. If the defendant fails to make good faith efforts to make restitution while in any community placement, she can certainly be revoked and returned to prison.

Done in open Court this 22nd day of September, 2000.

DATED this 16th day of October, 2000.

Acting Chairwoman, Hon. Marge Johnson, Member, Hon. David Cybulski, Alt. Member, Hon. G. Todd Baugh.